UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANNIE ISABEL KOCH, <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations <br><br> Defendant. | NO. C17-1701-JPD <br><br><br> ORDER |

Plaintiff Annie Isabel Koch appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") which denied her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-33 and 1381-83f, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Commissioner's decision is reversed and remanded for further proceedings.

I. FACTS AND PROCEDURAL HISTORY

Plaintiff is a 57 year-old woman, whose past work experience includes employment as a data entry clerk and order clerk. AR at 26. On September 16, 2015, plaintiff filed a claim for disability benefits and disabled widow's benefits, claiming an onset date of date of March 15, 2009. AR at 15. Plaintiff asserts that she is disabled due to degenerative disc disease of the

ORDER - 1

cervical spine, degenerative disc disease of the lumbar spine, and carpal tunnel syndrome status post release. AR at 18.

The Commissioner denied plaintiff's claim initially and on reconsideration. Plaintiff requested a hearing which took place on January 20, 2017. AR at 15. On March 8, 2017, the ALJ issued a decision finding plaintiff not disabled and denied benefits based on his/her finding that plaintiff could perform her past relevant work as a data entry clerk or an order clerk. The ALJ's decision was denied by the Appeals Council, AR at 12-27, making the ALJ's ruling the "final decision" of the Commissioner as that term is defined by 42 U.S.C. § 405(g). Plaintiff timely filed the present action challenging the Commissioner's decision.

## II. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

The Court may direct an award of benefits where "the record has been fully developed and further administrative proceedings would serve no useful purpose." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (citing *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). The Court may find that this occurs when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if he considered the claimant's evidence.

*Id*. at 1076-77; *see also Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (noting that erroneously rejected evidence may be credited when all three elements are met).

### III.  EVALUATING DISABILITY

The claimant bears the burden of proving that she is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *Id*. If a claimant is found to be disabled at

ORDER - 3

any step in the sequence, the inquiry ends without the need to consider subsequent steps. Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b).[1] If she is, disability benefits are denied. If she is not, the Commissioner proceeds to step two. At step two, the claimant must establish that she has one or more medically severe impairments, or combination of impairments, that limit her physical or mental ability to do basic work activities. If the claimant does not have such impairments, she is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled. *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520I, 416.920I. Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether she can still perform that work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is able to perform her past relevant work, she is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100. If the Commissioner finds the

---

[1] Substantial gainful activity is work activity that is both substantial, i.e., involves significant physical and/or mental activities, and gainful, i.e., performed for profit. 20 C.F.R. § 404.1572.

claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

## IV. ISSUES ON APPEAL

The principal issues on appeal are:

1. Did the ALJ err at Step four by failing to reconcile conflicts between the vocational expert testimony and the *Dictionary of Occupational Titles ("DOT")?*

2. Did the ALJ err in the credibility assessment?

3. Did the ALJ err in assessing the medical opinions?

## V. DISCUSSION

A. <u>The ALJ Erred at Step Four.</u>

In her decision, the ALJ found that plaintiff had the RFC to perform sedentary work, except that she cannot sit consistently for 6 hours out of an 8-hour day and requires an option to alternate between sitting and standing approximately every 30 minutes, and can occasionally reach overhead with both upper extremities and can frequently handle, finger and feel with the dominant right hand and can feel with the non-dominant left hand. AR at 21. At Step Four, the ALJ concluded the plaintiff could perform her past relevant work as an order clerk (DOT §249.362-026) or data entry clerk (DOT §203.582-054), However, pursuant to the DOT, both of these positions require the plaintiff to have greater reaching, handling and fingering abilities than the found RFC. A data entry clerk job requires frequent (1/2 to 2/3 of the time) reaching and handling, and constant (2/3 or more of the time) fingering. These are substantially greater requirements than the plaintiff was able to perform pursuant to the ALJ's RFC determination.

In addition, the ALJ's RFC restrictions with seating are not compatible with the definition of sedentary work. *See Rodriguez v. Astrue*, 2012 WL 6917605*5-6 (W.D. Wash). The ALJ failed to acknowledge the conflict between the DOT and the VE's testimony. The

ORDER - 5

ALJ failed to ask the VE about the conflicts, a point conceded by the Commissioner. Thus, the finding that plaintiff could perform her past relevant work is not supported by substantial evidence, and the decision must be reversed.

### B. The ALJ Erred in Assessing the Medical Evidence.

Plaintiff argues the ALJ erred in assessing the medical evidence offered by the testifying medical evidence, particularly evidence and opinions offered by Drs. Smiley (the testifying medical expert) and Oh (plaintiff's long-term treating physician) and physician's assistant Beth Blankenship. Plaintiff is correct. On remand, the ALJ will reconsider all of the medical evidence, including that of the former medical expert Dr. Smiley.

#### 1. Standards for Assessing Medical Evidence.

As a matter of law, more weight is given to a treating physician's opinion than to that of a non-treating physician because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Magallanes*, 881 F.2d at 751; *see also Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). A treating physician's opinion, however, is not necessarily conclusive as to either a physical condition or the ultimate issue of disability, and can be rejected, whether or not that opinion is contradicted. *Magallanes*, 881 F.2d at 751. If an ALJ rejects the opinion of a treating or examining physician, the ALJ must give clear and convincing reasons for doing so if the opinion is not contradicted by other evidence, and specific and legitimate reasons if it is. *Reddick*, 157 F.3d at 725. "This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* (citing *Magallanes*, 881 F.2d at 751). The ALJ must do more than merely state his/her conclusions. "He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id.* (citing

*Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)). Such conclusions must at all times be supported by substantial evidence. *Reddick*, 157 F.3d at 725.

The opinions of examining physicians are to be given more weight than non-examining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Like treating physicians, the uncontradicted opinions of examining physicians may not be rejected without clear and convincing evidence. *Id.* An ALJ may reject the controverted opinions of an examining physician only by providing specific and legitimate reasons that are supported by the record. *Bayliss,* 427 F.3d at 1216.

### 2. Dr. Smiley.

Dr. Smiley was called as a medical expert at the administrative hearing. Dr. Smiley initially testified that although the plaintiff did meet or equal a listing, taking into account all of her back pain, neck and forearm pain, and her hand problems, "I don't think she can function even at the sedentary level on a regular basis." AR at 43-44, AR 47-48. Then when asked directly "is it probable, then, that because of her conditions, she would be absent one to two times per month if working at this RFC that you gave us?" He answered "I think she'd probably be absent more often than that, probably at least four times a month, once a week – at least." AR at 48.

Even though Dr. Smiley was present (on the telephone), the ALJ asked no follow up questions of the medical expert on the issue. Instead, the ALJ chose to give this portion of Dr. Smiley's opinion "little weight" even after attributing great weight to the balance of his opinion, noting the doctor's ability to review the entire medial file and his expertise. To justify her decision, the ALJ cherry-picked medical reports and concluded that the doctor was simply speculating.

The ALJ erred. Plaintiff has been consistently diagnosed with chronic pain syndrome or complex regional pain syndrome by multiple treating doctors. The doctor's opinion is hardly speculative. The ALJ cannot simply substitute her opinion for trained medical physicians, and that is what she did in this case. On remand, the ALJ will revisit Dr. Smiley's testimony and either credit it or give proper reasons for discounting it.

### 3. Dr. Oh.

Dr. Oh is plaintiff's long-term physician. He has consistently treated plaintiff for chronic pain and restricted motion. She is able to get some relief, but only by using opioids. None of this is discussed by the ALJ, nor are the test results documenting her pain. Dr. Oh determined that plaintiff should receive a permanent disability parking permit, as she did not have the capability of walking 200 feet without stopping for a rest or having help from an assistive device. The ALJ assigned only "some weight" to this opinion because of a later note finding.

This single treatment note hardly outweighs the balance of the treatment plan by Dr. Oh, which consistently mentioned and dealt with chronic pain limitations faced by plaintiff. The ALJ is directed to review all medical evidence de novo on remand, including the reports of the physicians' assistants.[2]

### C. On Remand, the ALJ Will Reconsider Plaintiff's Testimony.

As noted above, it is the province of the ALJ to determine what weight should be afforded to a claimant's testimony, and this determination will not be disturbed unless it is not supported by substantial evidence. A determination of whether to accept a claimant's subjective symptom testimony requires a two-step analysis. 20 C.F.R. §§ 404.1529, 416.929;

---

[2] The ALJ, for example, mischaracterized the report of Beth Blankenship, PA-C. On remand, the ALJ is directed to consider this evidence as well.

ORDER - 8

*Smolen*, 80 F.3d at 1281. First, the ALJ must determine whether there is a medically determinable impairment that reasonably could be expected to cause the claimant's symptoms. 20 C.F.R. §§ 404.1529(b), 416.929(b); *Smolen*, 80 F.3d at 1281-82. Once a claimant produces medical evidence of an underlying impairment, the ALJ may not discredit the claimant's testimony as to the severity of symptoms solely because they are unsupported by objective medical evidence. *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991) (en banc); *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1988). Absent affirmative evidence showing that the claimant is malingering, the ALJ must provide "clear and convincing" reasons for rejecting the claimant's testimony.[3] *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014) (citing *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012)). *See also Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007).

When evaluating a claimant's subjective symptom testimony, the ALJ must specifically identify what testimony is not credible and what evidence undermines the claimant's complaints; general findings are insufficient. *Smolen*, 80 F.3d at 1284; *Reddick*, 157 F.3d at 722. The ALJ may consider "ordinary techniques of credibility evaluation," including a claimant's reputation for truthfulness, inconsistencies in testimony or between testimony and conduct, daily activities, work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the alleged symptoms. *Thomas*, 278 F.3d at 958-59 (citing *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997)).

---

[3] In Social Security Ruling ("SSR") 16-3p, the Social Security Administration rescinded SSR 96-7p, eliminated the term "credibility" from its sub-regulatory policy, clarified that "subjective symptom evaluation is not an examination of an individual's character[,]" and indicated it would more "more closely follow [its] regulatory language regarding symptom evaluation." SSR 16-3p. The Court continues to cite to relevant case law utilizing the term credibility, however.

ORDER - 9

The ALJ erred in her treatment of plaintiff's testimony. First, the ALJ cited to evidence from a psychologist occurring prior to the onset date and a report occurring one year prior to the onset date to reject plaintiff's claims of limitations. Medical opinions predating the onset are of limited relevance. *See Carmickle v. Astrue*, 533 F.3d 1155, 1165 (9th Cir. 2008). Moreover, as a psychologist, Dr. Havellana's opinions regarding plaintiff's gait and physical abilities and pain observation are entitled to no more weight than any other non-medical observer. This is not an area of her medical expertise. Second, the ALJ mischaracterized the record regarding Beth Blankenship's report, an issue not discussed by the Commissioner. Third, the ALJ's statements about walking into the hospital without assistance fails to acknowledge that plaintiff used a cane from at least February 2011 through August 2016, and, as alleged by plaintiff in her brief, at the administrative hearing. The fact that plaintiff was, during certain periods, able to ambulate without a cane does not provide a "clear and convincing" reason to reject her pain testimony regarding the need for medical assistance, which was supported by Dr. Oh's authorization for a permanent disability placard.

## VI. CONCLUSION

For the foregoing reasons, this case is REVERSED and REMANDED to the to the Commissioner to conduct a full *de novo* hearing not inconsistent with the Court's instructions.

DATED this 28th day of September, 2018.

JAMES P. DONOHUE
United States Magistrate Judge